**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Sharon A. Bourne-Clarke,

## 18 CV 01698

Civil Action No.: _____

Plaintiff,

v

OCWEN LOAN SERVICING LLC.,

**COMPLAINT**

*Jury Trial Demanded*

Defendants,

————————————————————x

For this complaint, the Plaintiff Sharon A. Bourne-Clarke, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227, *et seq* ("TCPA"), and the invasions of the Plaintiff 's personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), in that the Defendant transacts business in this district and a substantial portion of the acts giving rise to this action occurred in this district.

3. This cause of action is timely filed pursuant to *Giovanniello v ALM Media, LLC.* The Courts have certified a class in *Snyder v. Ocwen Loan Servicing LLC.* that incorporates actions commencing October 27, 2010 to October 6, 2017 which is currently pending in Illinois under Action No.: 1:14-cv-08461 (N.D. ILL.)

1

## PARTIES

4. The Plaintiff, Sharon A. Bourne-Clarke ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a person as defined by 47 U.S.C. Section 153(39).

5. The Defendant, OCWEN LOAN SERVICING LLC. ("OCWEN") is an entity licensed to transact business in the State of New York under NYS Banking License No.: B50028.

6. The Defendant, OCWEN has a business address of 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, and is a "person": as defined by 47 U.S.C. Section 153(39)

7. Plaintiff was a valid member of the class action *Snyder v Ocwen Loan Servicing LLC* however plaintiff is a member of the class of persons not permitted to partake in settlement.

## FACTS

8. Plaintiff has a viable and valid claim against OCWEN LOAN SERVICING LLC. as plaintiff was subjected to hundreds of calls on her cell phone over a period of six years via defendant's Aspect dialing system and other automated telephone dialer devices.

9. Beginning in and around October 2010 OCWEN placed calls to Plaintiff's cellular telephone number, 914-216-3066.

2

10. At all times motioned herein, OCWEN called Plaintiff using its ASPECT TELEPHONE SYSTEM an automated telephone dialer system( 'ATDS" or predictive dialers") and/or by using an artificial or prerecorded voice.

11. When Plaintiff answered the ATDS calls from OCWEN, she would hear a prerecorded message that requested to speak with "Sharon Bourne."

12. The prerecorded messages did not contain an interactive opt-out mechanism such that the Plaintiff could notify OCWEN to cease such calls to her number.

13. Shortly after the calls commenced, Plaintiff called OCWEN and demanded that calls to her cellular phone cease. Subsequently, Plaintiff made additional requests to OCWEN to cease all calls to her cellular telephone, none of which were honored by OCWEN.

14. Despite Plaintiff's repeated requests, OCWEN continued to place calls to Plaintiff's cellular phone.

15. Defendants generally placed several calls per day commencing early in the morning until late in the evening, nights and weekends.

16. Defendants were relentless in their calls.

17. Plaintiff never contracted with OCWEN as such no prior express consent was ever provided to OCWEN to call her cellular telephone.

## Count 1

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT-
## 47 U.S.C. SEC. 227, *et seq*

18. The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. At all times herein and until March 23, 2016 when plaintiff disconnected her cellular number 914-216-3066 to prevent further harassment from OCWEN, OCWEN called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice sometimes several times a day.

20. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialers as "a dialing system that automatically dials consumers telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a (representative) will be available to take the call..." 2003 TCPA Order, 18 FCC 36 RcD 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear "dead air" or a dial tone, causing frustration" Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting " the predicative dialers to ring for a short period of time before disconnecting the call; in such

cases, the predictive dialer does not record the call as having been abandoned. *Id*

21. Defendant's telephone systems have all the earmarks of the predictive dialer, Often times when Plaintiff answered OCWEN's calls, she was met with a pre-recorded message.

22. Upon information and belief, OCWEN's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular phone, and in fact instructed OCWEN on multiple occasions to stop calls to her and ceasing calling her cellular phone.

24. Furthermore, the pre-recorded messages utilized by OCWEN did not contain interactive opt-out mechanisms as required by the TCPA's implementing regulations.

25. OCWEN continued to place automated calls to plaintiff's cellular telephone after being advised multiple times by the Plaintiff that they had no legitimate reason to call plaintiff. As such, each call placed to Plaintiff was made in knowing and or/willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. Sec. 227(b)(3)(C).

26. The calls from OCWEN to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. Sec. 227(b)(1)(A)(i).

27. Each of the aforementioned calls made by OCWEN constitutes as a violation of TCPA.

28. As a result each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500 in statutory damages for each call placed in violation of TCPA pursuant to 47 U.S.C. Sec. 227(b)(3)(B)

29. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500 pursuant to 47 U.S.C. Sec. 227(b)(3)(B) and 47 U.S.C. Sec. 227(b)(3)(C)

## PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.) Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. Sec. 227(b)(1)(A);

2.) Treble damages for each violation determined to be negligent pursuant to 47 U.S.C. Sec. 227(b)(3)(C)

3.) Actual damages from the defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, or negligent invasions of privacy in amount to be determined at trial for the Plaintiff,

4.) Punitive damages; and

5.) Such other and further relief as may be just and proper

### TRIAL BY JURY DEMANDED ALL COUNTS

Dated:  February 14, 2018

Respectfully submitted,

By.: _____

Sharon A. Bourne-Clarke
Plaintiff– *Pro Se*
427 Fenimore Street
Brooklyn, New York 11225
Telephone: (718) 885-5851